# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

V.

**RANDY JAVONTAY BEAL**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:12-CR-141

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C. §3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. §3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C. §924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 26 years old, unemployed, and has smoked marijuana for the past 11 years, last using it in January of this year. He states he has smoked 5 marijuana blunts daily. Although he states he never participated in substance abuse treatment, it appears that in fact he did so from 2003 to 2004 at Wedgewood in Cutlerville, MI, and that he also completed the Bureau of Prisons' 40-hour drug education program.

Defendant has an extensive adult criminal history as well as a number of juvenile adjudications (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the defendant's presence at future court proceedings, and by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community based upon defendant's total disregard of the law (as evidenced by his numerous convictions) and court supervision (as evidenced by his repeated failures to meet court obligations and by his commission of crimes while on probation (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: June 6, 2012

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **RANDY JAVONTAY BEAL**
1:12-CR-141
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

going back 17 years. As an adult, he has repeatedly failed to appear for court obligations and to pay assessed fines and costs. He has also failed to participate in substance abuse testing and treatment, enroll in schools or secure employment, and truthfully answer questions of his probation officer. He has also failed to report to the probation office after being released from prison and has failed to reside at a halfway house. More disturbing than this is his repeated failure to comply with court supervision. Defendant has repeatedly committed crimes while on supervised release. In short, defendant has evidenced no desire to conform his behavior to the law, whether under court supervision or otherwise.

For example, following a 21-month custodial prison term imposed by this court after defendant was convicted of being a felon in possession of a firearm, defendant, upon release, failed to participate in substance abuse testing and treatment, failed to participate in the ACE program, failed to participate in Moral Recognition Therapy, and was arrested a week after his release for retail fraud, 3rd degree. After he was sentenced to 6 months custody, he was released and failed to report to the probation office, failed to reside at a halfway house, and was arrested for being a felon in possession of a firearm. He was sentenced to another 18 months custody and upon release defendant again failed to report to the probation office and failed to reside at a halfway house. Within the month he was charged with possession of marijuana.

**Part II - Written Statement of Reasons for Detention** - (continued)

 or supervised release.